# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Fabian R. Strauss** | **Civil Action No. 6: 17-cv-0235** |
| versus | **Unassigned District Judge** |
| **Bd. of Supervisors for the University of Louisiana System, et al** | **Magistrate Judge Carol B. Whitehurst** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss [Doc. 8] filed by defendants, The Board of Supervisors for the University of Louisiana System, University of Louisiana – Lafayette ("UL"), and Dr. Carol Landry[1] (hereinafter, collectively, "the defendants"). In their motion, the defendants seek to: (1) dismiss UL as a party defendant; (2) dismiss Dr. Landry in her individual capacity; and (3) dismiss all of plaintiff's claims arising out of actions that occurred prior to February 5, 2016 as time barred. The plaintiff filed a response to the motion [Doc. 14]. For the reasons that follow, the undersigned will recommend that defendants' motion be **GRANTED IN PART AND DENIED IN PART.**

### I. Background

On February 6, 2017, *pro se* plaintiff Fabian R. Strauss filed this action against

---

[1] Dr. Landry is sued in her individual capacity and in her official capacity as the Director of UL's Office of Disability Services.

the named defendants for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §701, *et seq.*,[2] for failing to reasonably accommodate Strauss's hearing disability. Specifically, plaintiff alleges he was diagnosed with permanent severe bilateral sensorineural hearing loss when he was sixteen, which resulted in hearing loss in both ears. He alleges that while a student at UL, he requested reasonable accommodations, including: (1) housing for the hearing impaired; (2) access to instructor's notes; (3) a professional note taker; (4) preferential front row seating in all classes; (5) a personal tutor; (6) an interpreter or captionist; and (7) assistive technology for deaf students. Plaintiff alleges all of the foregoing requests

---

[2] Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. Like Title II of the ADA, §504 provides that no qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." As the Fifth Circuit explained in *Frame v. City of Arlington*, 657 F.3d 215, 223–24 (5th Cir. 2011):

> The ADA and the Rehabilitation Act generally are interpreted *in pari materia*. Indeed, Congress has instructed courts that "nothing in [the ADA] shall be construed to apply a lesser standard than the standards applied under title V [i.e., § 504] of the Rehabilitation Act ... or the regulations issued by Federal agencies pursuant to such title.

The parties have not pointed to any reason why Title II and §504 should be interpreted differently in this case. Thus, although the undersigned will focus primarily on Title II, the analysis is informed by the Rehabilitation Act, and the undersigned's findings apply to both statutes.

for accommodation were denied.

In the instant motion to dismiss, defendants seek dismissal of the following claims: (1) all claims alleged against UL as a party defendant; (2) all claims asserted against Dr. Landry in her individual capacity; and (3) all claims arising out of actions that occurred prior to February 5, 2016.

## II. Law and Analysis

**A.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it

must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

**B.    Analysis of Claims**

Defendants seek to dismiss the following claims: (1) all claims alleged against UL, on grounds the university is not an entity capable of being sued; (2) all claims asserted against Dr. Landry in her individual capacity; and (3) all claims arising out of actions that occurred prior to February 5, 2016, on grounds they are time barred. The undersigned will address each argument in turn.

**1.    Plaintiff's claims against UL**

Defendants seek dismissal of all claims alleged against UL on grounds the universities of the state of Louisiana are not juridical entities and lack the procedural capacity to be sued. *See, e.g., EEOC v. Board of Supervisors for the University of*

*Louisiana System*, 559 F.3d 270, 272 (5th Cir. 2009) (while states are not protected from lawsuits by the federal government or their agencies, it is well-established that sovereign immunity under the Eleventh Amendment operates to protect States from private lawsuits), *citing West Virginia v. United States*, 479 U.S. 305, 311, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987). In his response, the plaintiff "does not contest that the University of Louisiana – Lafayette is not a juridical entity and should therefore be dismissed as a named defendant."[3]

Considering the foregoing, IT IS RECOMMENDED that the defendants' motion to dismiss all claims against UL be GRANTED, and the foregoing claims be DISMISSED WITH PREJUDICE.

**2. Plaintiff's claims against Dr. Landry in her individual capacity**

Defendants argue the plaintiff's claims against Dr. Landry should be dismissed on grounds no suit can lie against an individual named in her individual capacity for claims brought under the ADA and the RA. *See, e.g.*, *Douglas v. Gusman*, 567 F. Supp. 2d 877, 888 (E.D. La. 2008) (Because the term "public entity" in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA); *accord Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir.2000), *abrogated on other grounds by Board of Trustees v. Garrett*, 531 U.S. 356,

---

[3] *See* Opposition to Defendants' Motion to Dismiss, Doc. 14, at p. 1.

374 n. 9, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir.1999); *Mitchell v. Massachusetts Dep't of Correction*, 190 F.Supp.2d 204, 211(D.Mass.2002); *Washington v. Davis*, 2001 WL 1287125, at *3 (E.D.La. Oct. 23, 2001); *Sims v. Tester*, 2001 WL 627600, at *1 (N.D.Tex. Feb. 13, 2001); *Berthelot v. Stadler*, 2000 WL 1568224, at *1 (E.D.La. Oct. 19, 2000). *See also Mire v. Bd. of Supervisors of Louisiana State Univ.*, 2017 WL 661260, at *3 (E.D. La. Feb. 17, 2017), *citing McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413-14 (5th Cir. 2004) (holding that state officers in their official capacities were proper defendants in Ex parte Young suit to enforce the officers' alleged duties under Title II of the ADA); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3rd Cir. 2002) ("While there appears to be no individual liability for damages under Title I of the ADA ... prospective relief against state officials acting in their official capacities may proceed under the statute."). The plaintiff does not contest the foregoing, and argues only that Dr. Landry should remain as a party defendant in her *official* capacity as UL's Director of the Office of Disability Services.

Considering the foregoing, IT IS RECOMMENDED that the defendants' motion to dismiss all claims asserted against Dr. Landry in her individual capacity be GRANTED, and the foregoing claims be DISMISSED WITH PREJUDICE. IT IS RECOMMENDED that all claims asserted against Dr. Landry in her official capacity

remain pending.

### 3. The plaintiff's claims arising out of actions that occurred prior to February 5, 2016

Defendants seek dismissal of all claims arising out of actions that occurred prior to February 5, 2016, on grounds such claims are time barred.

Neither the ADA nor the RA provides a limitations period. When Congress does not establish a limitations period for a federal cause of action, the "general rule" is that courts borrow the most analogous period from state law. *Frame v. City of Arlington*, 657 F.3d 215, 236–37 (5th Cir. 2011) *See also Eames v. S. Univ. & Agr. & Mech. Coll.*, 2009 WL 3379070, at *2 (M.D. La. Oct. 16, 2009), *citing Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). Courts have held that actions under the ADA are best characterized as actions for fundamental injury to a person's individual rights; therefore, Louisiana's one-year limitation period for personal injury actions – found in Article 3492 of the Louisiana Civil Code – applies; neither party disputes this. *See, e.g., Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992) (applying Texas' statute of limitations for personal injury actions). Thus, in the instant case, the plaintiff's claims are time-barred if he filed them more than one year after the date they accrued.

Although district courts borrow a limitations period from state law, the

particular accrual date of a federal cause of action is a matter of federal law. *Frame*, 657 F.3d at 238, *citing Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Absent unusual circumstances not present in this case, the rule is that accrual occurs when a plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Frame*, 657 F.3d at 238, *citing Wallace*, 549 U.S. at 388, 127 S.Ct. 1091. In other words, accrual occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Frame*, 657 F.3d at 238, *citing Epps*, 550 F.3d at 414. *See also Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995) ("Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir.1983).

In the instant case, the plaintiff argues his claims are not time barred because the alleged discriminatory acts involved a "continuing violation." Under the continuing violation doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period if the plaintiff

can show a series of related acts, one or more of which falls within the limitations period. *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, *3 (5th Cir. 2005) (unpublished), *citing Felton v. Polles*, 315 F.3d 470, 487 (5th Cir.2002).[4] The Supreme Court has clarified, however, that discrete discriminatory acts are not actionable if time barred, even when they are related to acts complained of in timely filed charges. *Henson*, 128 Fed. App. at *3, *citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

In order to determine whether the claims arising out of actions that occurred prior to February 5, 2016, are time barred, this Court must examine the specific allegations contained in the plaintiff's Complaint. In his Complaint, the plaintiff categorizes his allegations into two groups: failure to accommodate adequate housing and failure to accommodate adequate academic aides.

The plaintiff alleges he first requested housing accommodations prior to the 2013 fall semester, but was denied such accommodations. The plaintiff alleges he again requested housing accommodations during the spring 2014 semester, and was again denied. On February 5, 2016, the plaintiff's audiologist, Dr. Joseph Guillory, submitted a letter to Dr. Landry in support of the plaintiff's request for academic

---

[4] The undersigned notes the plaintiff cites *Bustamento v. J.D. Tucker*, 607 So. 2d 532 (La. 1992) as the governing law on continuing violations. However, as is noted herein, <u>when</u> a claim accrues is governed by federal, not state, law.

9

adjustment, auxiliary aid, or service modifications based on his disability. The plaintiff alleges Dr. Guillory's letter requested the following reasonable accommodations:

- preferential front row seating in all classes;
- a professional note taker;
- access to instructor's notes;
- a personal amplification system for each class;
- ADA housing for hearing impaired students;
- a personal tutor;
- an interpreter or captionist;
- assistive technology for deaf students.

The February 5, 2016 letter includes a request for reasonable accommodations including "ADA housing for hearing impaired individuals," however, the plaintiff's Complaint does not address requests for accommodations in housing after February 5, 2016.

With respect to his claims that he was not provided adequate academic accommodations, the plaintiff alleges he was initially provided with student note-takers, but was denied the assistance of a professional note-taker. The plaintiff further alleges the student note-taking was not adequate, therefore, during the fall 2014 semester, he renewed his request for a professional note-taker or captionist. The plaintiff alleges he was assigned a professional captionist in October 2014, but the accommodation was not adequate because the captionist was off-site, which impaired the services provided.

The plaintiff alleges the foregoing requests for accommodations have been "consistently denied," and specifically alleges he continues to receive deficient note-taking and/or captionist services through the date of the filing of Complaint, which was filed on February 6, 2017.

Considering the foregoing, and in light of the fact that the well-pleaded allegations in the plaintiff's complaint must be accepted as true for purposes of Rule 12(b)(6), the undersigned finds the plaintiff became "aware that he ha[d] suffered an injury" with respect to his request for a reasonable accommodation for housing as late as the spring of 2014. However, although the letter sent by Dr. Guillory to UL included a request for housing accommodations, there are no allegations set forth in the plaintiff's Complaint that the plaintiff requested housing accommodations after February 5, 2016, or that he was denied such after that date. Therefore, the undersigned finds the plaintiff's claim for reasonable accommodations in housing are not subject to the continuing violation rule. Because the plaintiff did not file his complaint until February 6, 2017, the undersigned finds the plaintiff's claim that he was denied reasonable accommodations in housing is time barred.

Review of the Complaint, however, shows that the plaintiff has sufficiently alleged a continuing violation with respect to his claims that he was denied adequate accommodations in academic aides. Specifically, the plaintiff alleges that he

"continues to receive deficient note taking and captionist services through the day of the filing of this Complaint." For purposes of the instant motion, the undersigned must accept this well-pleaded fact as true and must draw all reasonable inferences in favor of the plaintiff. Considering the foregoing, it is recommended that the plaintiff's allegations that he was denied adequate accommodations in academic aides be found timely, and the motion to dismiss this claim at this juncture of the litigation be DENIED.

### III. Conclusion

Based on the foregoing analysis, the under signed recommends that the Court **GRANTED IN PART AND DENY IN PART** the defendants' Motion to Dismiss [Doc. 8]. Specifically, it is RECOMMENDED that: (1) defendants' motion to dismiss all claims against UL be GRANTED, and the foregoing claims be DISMISSED WITH PREJUDICE; (2) defendants' motion to dismiss all claims asserted against Dr. Landry in her individual capacity be GRANTED, and the foregoing claims be DISMISSED WITH PREJUDICE; and (3) defendants' motion to dismiss plaintiff's claims of failure to provide adequate housing accommodations prior to February 5, 2016, be GRANTED, and this claim be DISMISSED WITH PREJUDICE; and (4) defendants' motion to dismiss plaintiff's claims of failure to provide adequate academic accommodations prior to February 5, 2016 be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 6th day of October, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**