UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **FABIAN STRAUSS** | **:** | **CIVIL ACTION** |
| **VERSUS** | **:** | **NUMBER: 6:17-0235** |
| **UNIV. OF LA. SYS. BD. OF SUPERVISORS, ET AL.** | **:** | **DISTRICT JUDGE MICHAEL JUNEAU** |
| | **:** | **MAGISTRATE JUDGE CAROL WHITEHURST** |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come Defendants, the State of Louisiana through the Board of Supervisors for the University of Louisiana System, University of Louisiana – Lafayette, and Dr. Carol Landry, in her official capacity (collectively "State Defendants"), who respectfully submit the following Statement of Uncontested Material Facts in support of their *Motion for Summary Judgment*, in accordance with the United States District Court for the Western District of Louisiana's Local Civil Rule 56.1.

1. Plaintiff, Fabian Strauss, enrolled at the University of Louisiana at Lafayette ("ULL") in the Fall 2013 semester.[1]

2. Plaintiff attended ULL from the Fall 2013 through the Fall 2017 semesters.[2]

3. Plaintiff was diagnosed as having permanent severe bilateral sensorineural hearing loss before his enrollment at ULL.[3]

---

[1] R. Doc. 1.
[2] Exhibit 1, Affidavit of Carol Landry, Para. 3.
[3] R. Doc. 1.

4. While enrolled at ULL, the Office of Disability Services received, processed and approved special academic accommodations and modifications due to Plaintiff's impaired hearing disability through his tenure at the university.[4]

5. Beginning in the Fall 2013 semester, Plaintiff was approved for the following academic accommodations: extended testing time, use of note-takers, and preferential seating in the front of each of his classes.[5]

6. In the Spring 2014 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating.[6]

7. Beginning in the Fall 2014 semester, Plaintiff was approved for the following academic accommodations: extended testing time, use of note-takers, preferential seating in the front of each of his classes, and the usage of a Surf Link device.[7]

8. To the best of his knowledge, Plaintiff admits that all of his professors used the Surf Link device in their classes as per the approved academic accommodations provided by the university.[8]

9. Beginning in the Fall 2014 semester, ULL modified Plaintiff's academic accommodations through adding the usage of remote captioning services.[9]

10. Plaintiff complained about the deficiencies regarding the remote captioning services in his classes.[10]

---

[4] Exhibit 1, Affidavit of Carol Landry, Paras. 4-5.
[5] Exhibit 1, Affidavit of Carol Landry, Para. 6; Deposition of Fabian Strauss, Pg. 15.
[6] Exhibit 3, Deposition of Fabian Strauss, Pg. 30
[7] Exhibit 1, Affidavit of Carol Landry, Para. 7.
[8] Exhibit 3, Deposition of Fabian Strauss, Pg. 80-81.
[9] Exhibit 1, Affidavit of Carol Landry, Para. 8.
[10] Exhibit 3, Deposition of Fabian Strauss, Pg. 24-25.

11. In the Spring 2015 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, usage of a Surf Link Device and remote captioning services.[11]

12. As a result of deficiencies with the remote captioning services, in March 2015, ULL provided Plaintiff with live captioning services for each of his classes, in addition to the other accommodations for which he was already approved.[12]

13. Once ULL provided live captioning services, Plaintiff was able to use both remote and live captioning services during his classes.[13]

14. In the Summer 2015 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning services, live captioning services, and usage of his professors' powerpoint presentations.[14]

15. ULL paid for all of the academic accommodation equipment and services provided to Plaintiff.[15]

16. In the Fall 2015 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning services, live captioning services, and usage of his professors' powerpoint presentations.[16]

17. In the Spring 2016 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning

---

[11] Exhibit 3, Deposition of Fabian Strauss, Pg. 48.
[12] Exhibit 1, Affidavit of Carol Landry, Para. 9.
[13] Exhibit 3, Deposition of Fabian Strauss, Pg. 25.
[14] Exhibit 3, Deposition of Fabian Strauss, Pg. 61-62.
[15] Exhibit 1, Affidavit of Carol Landry, Para. 14.
[16] Exhibit 3, Deposition of Fabian Strauss, Pg. 64.

services, live captioning services, and usage of his professors' powerpoint presentations.[17]

18. In the Fall 2016 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning services, live captioning services, and usage of his professors' powerpoint presentations.[18]

19. In the Spring 2017 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning services, live captioning services, and usage of his professors' powerpoint presentations.[19]

20. In the Fall 2017 semester, Plaintiff received the following accommodations: extended testing time, use of note-takers, preferential front-row seating, remote captioning services, live captioning services, and usage of his professors' powerpoint presentations.[20]

21. ULL provided Plaintiff with the usage of a computer through Student Support Services.[21]

22. ULL provided Plaintiff with a digital recorder to record the classes and also provided it to the captionists for transcribing, in addition to an external microphone so the person performing the remote captioning services could hear what the Professor was saying more clearly.[22]

---

[17] Exhibit 3, Deposition of Fabian Strauss, Pg. 67.
[18] Exhibit 3, Deposition of Fabian Strauss, Pg. 70.
[19] Exhibit 3, Deposition of Fabian Strauss, Pg. 73-74.
[20] Exhibit 3, Deposition of Fabian Strauss, Pg. 76.
[21] Exhibit 3, Deposition of Fabian Strauss, Pg. 48-50.
[22] Exhibit 3, Deposition of Fabian Strauss, Pg. 89-90.

23. Plaintiff complained about inconsistencies with his approved academic accommodations, such as testing accommodations and note-taker issues, to university personnel, specifically Dr. Landry, who took action to cure the problems.[23]

24. Plaintiff made numerous requests for copies of his professor's notes. The Office of Disability Services did not require the professors to provide copies of their personal lecture notes to any student, as this was not approved through the university.[24]

25. The Office of Disability Services provided Plaintiff and volunteer student note-takers with a two page document outlining the duties of a volunteer note-taker.[25] These volunteer note-takers were assigned through Plaintiff's professors in each of his courses.

26. ULL has an established three-step Disability Grievance and Appeals Procedure in place to address any and all claims of discrimination on the basis of a disability by the student body. This procedure was established prior to Plaintiff's enrollment at the university.[26]

27. The Disability Grievance and Appeals Procedure consists of an initial consultation with the Director of the Office of Disability Services for a remedy regarding the proposed academic accommodations. If not satisfied with the solution, the second step consists of the student consulting with the Vice President of Student Affairs. If the student is not satisfied with the proposed solution, the third step is to take the matter to the Disability Concerns Committee.[27]

---

[23] Exhibit 3, Deposition of Fabian Strauss, Pg. 41; Pg. 44-45; Pg. 69; Pg. 71; Pg. 74
[24] Exhibit 1, Affidavit of Carol Landry, Para. 11.
[25] Exhibit 3, Deposition of Fabian Strauss, Pg. 59-60
[26] Exhibit 1, Affidavit of Carol Landry, Para. 18.
[27] Exhibit 1, Affidavit of Carol Landry, Paras. 19-21.

28. Plaintiff did not take his appeal to the Disability Concerns Committee; he therefore failed to exhaust all of his options regarding appealing his academic accommodations with the university.[28]

29. Plaintiff filed a complaint against ULL with the United States Department of Education, Office for Civil Rights, alleging discrimination on the basis of his disability by not providing him accessible housing and auxiliary aids and services.[29]

30. After investigating Plaintiff's complaint, the United States Department of Education, Office for Civil Rights, concluded that there was insufficient evidence to show that ULL discriminated against Plaintiff on the basis of his disability.[30]

31. The only academic accommodation denied to Plaintiff by ULL was the usage of a professional note-taker.[31]

32. Plaintiff did not know if ULL provided professional note-takers to other students.[32]

33. Plaintiff graduated from ULL with 3.33 G.P.A.[33]

34. Plaintiff currently attends the University of Houston Downtown, where he is enrolled as a Chemistry major working towards another Bachelor's degree.[34]

---

[28] Exhibit 1, Affidavit of Carol Landry, Para. 22.
[29] Exhibit 1, Affidavit of Carol Landry, Para. 23.
[30] Exhibit 1, Affidavit of Carol Landry, Para. 24.
[31] Exhibit 3, Deposition of Fabian Strauss, Pg. 18; Pg. 82-83.
[32] Exhibit 3, Deposition of Fabian Strauss, Pg. 83.
[33] Exhibit 3, Deposition of Fabian Strauss, Pg. 90.
[34] Exhibit 3, Deposition of Fabian Strauss, Pg. 90.

Respectfully submitted,

BY: /s/ *Jared E. Nelson*
**JARED E. NELSON, Bar Roll # 38357**
**Assistant Attorney General**
**LOUISIANA DEPARTMENT OF JUSTICE**
**DIVISION OF RISK LITIGATION**
556 Jefferson Street, 4th Floor
Lafayette, Louisiana 70501
Telephone: 337-262-1700
Facsimile: 337-262-1707
E-mail: nelsonj@ag.louisiana.gov

*Counsel of Record for State Defendants- Dr. Carol Landry, University of Louisiana- Lafayette & Board of Supervisors for the University of Louisiana System*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the **24th** day of **July, 2019**, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

Fabian R. Strauss,
through his attorney of record,
**Alex Z. Stanford (#35424)**
**Counsel for Plaintiff**
P.O. Box 1237
535 South Court Street
Opelousas, LA 70571
Email: stanfordlawcorp@gmail.com

Lafayette, Louisiana on this **24th** day of **July, 2019**.

*s/Jared E. Nelson*
**Jared E. Nelson**
**Assistant Attorney General**